UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN H. BEACH,

        Petitioner,        Case Number: 2:10-CV-10840

v.        HONORABLE GEORGE CARAM STEEH

JEFF WOODS,

        Respondent.
_____/

## ORDER

**(1) GRANTING PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS AND MOTION TO STAY PROCEEDINGS;**

**(2) DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR ENLARGEMENT OF TIME AND MOTION TO EXPAND STATE COURT RECORD; AND**

**(3) GRANTING MOTION TO HOLD ORDER REQUIRING RESPONSIVE PLEADING IN ABEYANCE**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Benjamin H. Beach is a state inmate currently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan. He challenges his convictions for first-degree murder, carrying a concealed weapon, and felony firearm. Now before the Court are the following motions: Petitioner's Motion to Amend Petition for Writ of Habeas Corpus, Petitioner's Motion to Stay Proceedings, Petitioner's Motion for Enlargement of Time, Petitioner's Motion to Expand State Court Record; and Respondent's Motion to Hold Order Requiring Responsive Pleading in Abeyance.

First, Petitioner seeks to amend the petition to name Sherry Burt as the Respondent. The proper respondent for a habeas petition filed pursuant to 28 U.S.C. § 2254 is the state officer having custody of the petitioner. *See* Rule 2, Rules Governing Section 2254 Cases. Petitioner is now incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan. The Warden of that facility is Sherry Burt and she is the proper respondent in this matter. Therefore, the Court grants Petitioner's motion to amend.

Second, Petitioner asks the Court to stay the present proceeding to allow him additional time to prepare an amended habeas corpus petition and, as necessary, to exhaust additional arguments in state court. The Court finds that Petitioner's request is reasonable and not motivated by an attempt to unnecessarily delay the proceedings. In addition, Petitioner's claims are not plainly meritless. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). The Court, therefore, will grant the stay. The Court will allow Petitioner six months from the date of this Order to investigate further claims and either seek to reopen this proceeding or, as necessary, commence proceedings in state court to exhaust any unexhausted claims. Failure to comply with the terms of the stay may result in dismissal without prejudice of the petition.

Petitioner's Motion for Enlargement of Time and Motion to Expand State Court Record are denied without prejudice to Petitioner's right to seek the same relief if and when this proceeding is reopened.

Finally, Respondent has filed a Motion to Hold Order Requiring Responsive Pleading in Abeyance pending resolution of Petitioner's Motion to Stay. Given the Court's resolution of Petitioner's Motion to Stay, Respondent's motion will be granted. If and when the matter is reopened, the Court will order Respondent to file a responsive pleading at that time.

Accordingly, the Court GRANTS Petitioner's "Motion to Amend" [dkt. # 22]. The case caption is amended to read "*Benjamin Beach v. Sherry Burt."*

The Court GRANTS Petitioner's "Motion to Stay" [dkt. # 21] and Respondent's "Motion to Hold Order Requiring Responsive Pleading in Abeyance" [dkt. #25].

The Court DENIES WITHOUT PREJUDICE Petitioner's "Motion for Enlargement of Time" [dkt. # 20], and "Motion to Expand State Court Record" [dkt. # 23].

The Court ORDERS that the Clerk of Court shall close this case for statistical purposes only.

Dated: June 24, 2013

                                s/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 24, 2013, by electronic and/or ordinary mail and also on Benjamin Beach #498111, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442.

s/Barbara Radke
Deputy Clerk